# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:17-cv-00663-MMD-NJK |
| Plaintiff(s), | ORDER |
| v. | (Docket Nos. 40, 41) |
| DESERT CANYON HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Pending before the Court are Plaintiff's motions to extend time for service on Adrian Goering ("Defendant") and leave to serve her by publication. Docket Nos. 40, 41. For the reasons discussed below, the motion to extend is **GRANTED** and the motion to serve by publication is **DENIED** without prejudice.

## I.  Motion to Extend Time for Service

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service on Defendant by 60 days.

## II.  Motion to Serve by Publication

Plaintiff also seeks to serve Defendant by publication. Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by publication is generally disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of*

*Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made. *See, e.g.*, Fed. R. Civ. P. 4(e)(1). Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, parties are generally required to personally serve summons and the complaint upon defendants. Nevada law also permits a party to obtain leave for service by publication when the opposing party, *inter alia* "cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." Nev. R. Civ. P. 4(e)(1). There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

In this case, Plaintiff attempted to serve Defendant at two addresses identified through the Nevada Department of Motor Vehicles' records, "national search engines," and inquiries with the US Postmaster. Docket No. 40-1 at 2-3. Plaintiff attempted to serve Defendant nine times, and was eventually told by the resident (Defendant's ex-husband) at 101 Luna Way, Apt. 119, Las Vegas, NV 89128, that Defendant resided elsewhere. *See* Docket No. 40-1 at 5. While such service efforts suffice to extend the deadline to serve Defendant, the Court concludes that they are insufficiently diligent to serve Defendant by publication.[1]

//
//
//
//
//

---

[1] While not dispositive of the pending motion, the Court notes that Defendant's ex-husband, Timothy Goering, is also a defendant in this matter and was properly served on May 26, 2017. Docket 39-1 at 1. Defendant's ex-husband stated that Defendant "lives somewhere else in Las Vegas," but no further inquiry was made. Docket No. 40-1 at 5.

**III.    Conclusion**

For the reasons discussed above, the Court **GRANTS** the motion to extend the deadline to effectuate service. Docket No. 41. The deadline to serve Defendant is extended by 60 days. The Court **DENIES** without prejudice the motion to serve Defendant by publication. Docket No. 40. If Plaintiff is unable to serve Defendant by the extended deadline, it may file a renewed motion for service by publication explaining the additional steps that have been taken to locate and serve Defendant.

IT IS SO ORDERED.

DATED: September 5, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge