UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>Plaintiff,<br>v.<br><br>DESERT CANYON HOMEOWNERS ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; and ABSOLUTE COLLECTION SERVICES, LLC,<br><br>Defendants. | Case No. 2:17-cv-00663-MMD-NJK<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – ECF No. 8) |
| SFR INVESTMENTS POOL1, LLC,<br><br>Counter/Cross Claimant,<br>v.<br><br>BANK OF AMERICA, N.A.; BAYVIEW LOAN SERVICING, LLC; TIMOTHY GOERING, an individual; ADRIAN GOERING, an individual,<br><br>Counter/Cross Defendants. | |

**I.  SUMMARY**

Before the Court is Defendant Desert Canyon Homeowners' Association's ("Desert Canyon" or "HOA") motion to dismiss ("Motion") (ECF No. 8). The Court has reviewed Plaintiff Bank of America, N.A.'s response (ECF No. 17) and Desert Canyon's reply (ECF No. 18). Defendant SFR Investments Pool 1, LLC ("SFR") filed an untimely response (ECF No. 22) to which Desert Canyon replied (ECF No. 26). The Court agrees with Desert Canyon that the Court should disregard SFR's response as the Motion addresses only Plaintiff's claims against Desert Canyon.

## II. RELEVANT FACTS

The following facts are taken from the Complaint. (ECF No. 1.) In August 2008, Timothy and Adrian A. Goering ("Borrowers") obtained a loan ("Loan") in the amount of $226,395.00 evidenced by a note and secured by a deed of trust ("DOT") on property located in Desert Canyon ("the Property"). Plaintiff subsequently acquired the Loan.

On August 9, 2012, Desert Canyon recorded a notice of default and election to sell to satisfy the delinquent assessment lien. On January 7, 2013, Desert Canyon recorded a notice of trustee's sale, which listed the amount due to the HOA as $4,063.84. Plaintiff's predecessor attempted to remit payment to Desert Canyon to satisfy the super-priority amount owed to the HOA. However, Desert Canyon foreclosed on the Property on March 12, 2013. A trustee's deed upon sale in favor of SFR was recorded on March 14, 2013. SFR paid $10,000.

Plaintiff asserts three claims against the HOA—quiet title/declaratory relief, breach of NRS § 116.1113, and wrongful foreclosure.

## III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all

well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (alteration in original) (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

## IV. DISCUSSION

Desert Canyon argues that Plaintiff's claims are time-barred or, in the alternative, subject to dismissal under Rule 12(b)(6). (ECF No. 8 at 3-10.) The Court agrees that two of Plaintiff's claims—breach of NRS § 116.1113 and wrongful foreclosure—are time-barred. The Court finds that Plaintiff states a claim for quiet title and declaratory relief.

### A. Statute of Limitations

Desert Canyon argues that Plaintiff's claims accrued at the time of the foreclosure sale. (*Id.* at 3.) Plaintiff counters that it only realized its injury when the Nevada Supreme Court decided *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.,* 334 P.3d 408 (Nev. 2014), clarifying that the foreclosure sale on a homeowner's association lien extinguishes a first deed of trust. (ECF No. 17 at 5.) However, this Court has held that a cause of action accrues at the time of the foreclosure sale in homeowner's association foreclosure cases such as this. *See Goldsmith Enterprises, LLC v. U.S. Bank, N.A.,* No. 2:15-cv-00991-MMD-PAL, 2017 WL 4172266, at *3 (D. Nev. Sept. 20, 2017). Here, Plaintiff's causes of action accrued when the foreclosure sale took place, on March 12, 2013. (ECF No. 1 at 6.)

3

Claims based on duties imposed by statute must be brought within three years. NRS § 11.190(3)(a). Accordingly, Plaintiff's second claim—for breach of the duty of good faith imposed by NRS § 116.1113—is subject to this statute of limitations. *See Nationstar Mortg., LLC v. Amber Hills Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *5 (D. Nev. March 31, 2016). Plaintiff's third claim—for wrongful foreclosure— is also subject to this statute of limitations because the claim challenges Desert Canyon's authority to conduct the foreclosure under NRS chapter 116. *Id.* Plaintiff argues that the six-year statute of limitations for actions based upon contract (NRS § 11.190(1)(b)) applies because its wrongful foreclosure claim arises from violation of contractual obligations imposed by the CC&Rs. (ECF No. 17 at 6.) However, Desert Canyon correctly notes that Plaintiff was not a party to these purported contracts. (ECF No. 18 at 4.) Moreover, the complaint alleges that NRS chapter 116 requires Desert Canyon to comply with its obligations under the CC&Rs. (ECF No. 1 at 12.) Plaintiff's wrongful foreclosure claim is based on duties imposed by statute and thus barred by the three-year statute of limitations.

To the extent that Desert Canyon argues that Plaintiff's quiet title claim is also time-barred (*see* ECF No. 8 at 4), the Court is unpersuaded. The statute of limitations for quiet title claims in Nevada is five years. *Scott v. Mortg. Elec. Registration Sys., Inc.*, 605 F. App'x 598, 600 (9th Cir. 2015) (citing NRS §§ 11.070, 11.080). Accordingly, the court finds that Plaintiff's quiet title claim is not time-barred.

### B. Quiet Title/Declaratory Relief

Desert Canyon argues that Plaintiff fails to state a claim because Plaintiff failed to name the legal owner of the Property (purportedly a necessary and indispensable party) as a defendant and failed to make several critical allegations, including that Plaintiff paid all debts owed on the property and that Plaintiff foreclosed on the prior homeowner. (ECF No. 8 at 7-8.)

Desert Canyon's contention that Plaintiff failed to name the legal owner of the Property does not appear to be correct. Plaintiff alleges that SFR purchased the Property at the foreclosure sale. (ECF No. 1 at 6.) Presumably, SFR has remained the legal owner

4

of the Property, and Desert Canyon has offered no evidence to the contrary. (*See* ECF No. 8 at 7-8.)

Furthermore, Plaintiff need not allege that it paid all debts on the Property or that it foreclosed on the Property to state a claim. In Nevada, a quiet title action "may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS § 40.010. "A plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on superiority of title.'" *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (quoting *Yokeno v. Mafnas,* 973 F.2d 803, 808 (9th Cir. 1992)).

Desert Canyon has not provided any authority in support of its argument that Plaintiff's security interest in the Property does not qualify as "an interest in real property" for the purposes of NRS § 40.010. A number of courts in Nevada, including the Nevada Supreme Court, have entertained quiet title actions substantially similar to this one. *See, e.g.*, *Shadow Wood Homeowners Ass'n, Inc. v. N.Y. Cmty. Bancorp.*, *Inc.,* 366 P.3d 1105 (Nev. 2016); *Bank of N.Y. Mellon v. Legends Maint. Corp.,* No. 2:16-cv-02567-MMD-GWF, 2017 WL 3813904, at *2-3 (D. Nev. Aug. 31, 2017).

Desert Canyon further insists Plaintiff's declaratory relief claim duplicates its quiet title claim and fails because it does not arise from a justiciable controversy. (ECF No. 8 at 8-9.) Under Nevada law, a party asserting a declaratory relief claim must show, *inter alia*, that a justiciable controversy exists between two parties with adverse interests. *County of Clark, ex. Rel., Univ. Med. Ctr. v. Upchurch,* 961 P.2d 754, 757 (Nev. 1998). That two claims seek similar relief is not a basis to dismiss either claim, and a justiciable controversy exists between Plaintiff and the HOA because Plaintiff contends the foreclosure sale is either void or did not extinguish its DOT.

///

///

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the motion to dismiss (ECF No. 8) is granted in part and denied in part. It is granted with respect to the second and third claims for relief. It is denied with respect to the first claim for relief.

DATED THIS 31st day of October 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE