UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>                      Plaintiff,<br>v.<br><br>DESERT CANYON HOMEOWNERS ASSOCIATION; *et al.*,<br><br>                      Defendants. | Case No. 2:17-cv-00663-MMD-NJK<br><br>ORDER |
| AND ALL RELATED CASES | |

**I.    SUMMARY**

This case arises from the foreclosure sale of property to satisfy a homeowners' association lien. Four motions are before the Court: (1) Plaintiff Bank of America, N.A.'s motion for partial summary judgment (the "Motion") (ECF No. 86); (2) Defendant SFR Investments Pool 1, LLC's ("SFR") motion for summary judgment (ECF No. 89); (3) Defendant Desert Canyon Homeowners' Association's (the "HOA") renewed motion for summary judgment (ECF No. 90); and (4) Plaintiff's motion for leave to file supplemental authority ("Supplemental Authority Motion") (ECF No. 108).[1] Because the Court agrees with Plaintiff that Plaintiff's counsel's offer to pay the superpriority portion of the HOA's lien, combined with the HOA's agent's rejection of that offer, cured the default as to that portion of the lien, the Court will grant Plaintiff's Motion, and deny SFR and the HOA's cross-motions. Further, the Court will grant Plaintiff's Supplemental Authority Motion.

---

[1] The Court reviewed the responses and replies corresponding to Plaintiff's Motion, along with SFR and the HOA's cross-motions, and Defendant Absolute Collection Services, LLC ("ACS") joinder to the HOA's motion. (ECF Nos. 93, 95, 96, 97, 98, 99, 103, 104, 105, 106.)

## II. RELEVANT BACKGROUND

The following facts are undisputed unless otherwise indicated.

In August 2008, Timothy S. Goering and Adrian A. Goering ("Borrowers") obtained a loan for $226,395.00 ("Loan") and executed a note (the "Note") secured by a deed of trust ("DOT") on the real property located at 644 Palm Wash Lane, Henderson, Nevada 89011 ("the Property"). (ECF No. 86-1 at 2-3.) Plaintiff purchased the Loan from Bayview Loan Servicing, LLC on January 18, 2017. (ECF No. 1 at 4.) Plaintiff had an assignment recorded reflecting its beneficial interest under the DOT on March 24, 2017. (ECF No. 86-2 at 2.)

Borrowers failed to pay HOA assessments, and the HOA recorded a notice of delinquent assessment lien in September 2011, identifying the amount due to the HOA to date as $709.53.[2] (ECF No. 86-3 at 2.) The HOA recorded a notice of default and election to sell on August 9, 2012, identifying the amount due to the HOA to date as $2,150.70. (ECF No. 86-4 at 2.)

Plaintiff also owned the Loan around this time, as successor by merger to BAC Home Loans Servicing, LP.[3] (ECF No. 86-5 at 5; *see also* ECF No. 1 at 4.) On September 5, 2012, Plaintiff's counsel at the time (the law firm "Miles Bauer") requested from ACS a calculation of the superpriority portion of the HOA's lien and offered to pay that amount.[4] (ECF No. 86-5 at 5-6.) ACS responded with a letter from Kelly Mitchell stating she would not provide a 9 month "super priority lien Statement of Account" unless Plaintiff had already foreclosed on the Property, and could provide proof to ACS Plaintiff owned the

---

[2] The notice was recorded by ACS, acting as agent for the HOA. (ECF No. 86-3.)

[3] Plaintiff subsequently sold the Loan, and it was then resold several times. (ECF No. 1 at 4.) As noted *supra*, Plaintiff alleges it later re-purchased the Loan.

[4] Plaintiff offers the affidavit of Adam Kendis ("Kendis Affidavit"), a paralegal at Miles Bauer, who authenticated Miles Bauer's business records and explained the information contained within Miles Bauer's records attached to his affidavit. (ECF No. 86-5 at 1-3.)

2

Property. (*Id.* at 8.) Ms. Mitchell's letter then stated ACS intended to proceed to a homeowners' association foreclosure sale unless ACS received documentation from Plaintiff proving Plaintiff intended to foreclose on the property. (*Id.*) Ms. Mitchell's letter concluded by offering Plaintiff the ability to re-request a statement of account through a different process for $50, or get "an actual payoff demand" from ACS for $150. (*Id.*) Plaintiff never responded to Ms. Mitchell's letter, and never sent ACS a check for any amount. (ECF No. 109-2 at 13.)

On January 7, 2013, the HOA recorded a notice of sale through ACS setting the foreclosure sale for February 12, 2013. (ECF No. 86-6.) The HOA proceeded with the foreclosure sale on March 12, 2013 (the "HOA Sale"), and SFR purchased the Property at the HOA Sale for $10,000. (ECF No. 86-7.)

Plaintiff asserted claims for: (1) quiet title/declaratory judgment against all Defendants; (2) breach of NRS § 116.1113 against ACS and the HOA; (3) wrongful foreclosure against the HOA and ACS; and (4) injunctive relief against SFR. (ECF No. 1 at 6-15.) SFR later filed a counterclaim for quiet title and injunctive relief against Plaintiff, and substantially the same crossclaim against Bayview Loan Servicing LLC, Timothy Goering, and Adrian Goering. (ECF No. 37 at 9-18.) On the HOA's motion to dismiss, the Court dismissed Plaintiff's second and third claims against the HOA, for breach of NRS § 116.1113, and wrongful foreclosure, as time-barred. (ECF No. 58 at 4.)

## III.     LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder

could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139

F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

## IV. DISCUSSION

The Court first addresses Plaintiff's Supplemental Authority Motion, and then Plaintiff's Motion.

### A. Plaintiff's Supplemental Authority Motion

As a preliminary matter, the Court will grant Plaintiff's Supplemental Authority Motion (ECF No. 108 (regarding *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217 (Nev. 2019) ("*Thomas Jessup*")) under LR 7-2(g), as *Thomas Jessup* is mandatory authority on the application of NRS Chapter 116 issued since the parties filed their summary judgment motions in this case.[5] Despite SFR's argument to the contrary, there was nothing procedurally improper about Plaintiff's Supplemental Authority Motion. (ECF No. 109 at 2 (arguing the motion should be stricken for noncompliance with LR 7-2(g).) Thus, the Court considers *Thomas Jessup* in ruling on the pending motions.[6]

### B. Plaintiff's Motion

Plaintiff argues it is entitled to summary judgment on its declaratory relief/quiet title claim because, in pertinent part, Miles Bauer offered to tender the superpriority amount, but ACS indicated to Miles Bauer it would reject Miles Bauer's tender, so Miles Bauer never actually sent ACS a check. The Court agrees with Plaintiff that it is entitled to summary judgment on this theory under *Thomas Jessup*, and will therefore grant Plaintiff's Motion, and deny Defendants' cross-motions. The Court also finds this issue case-dispositive, and accordingly declines to address the parties' other arguments—with two exceptions. The Court will briefly address SFR's threshold statute of limitations and standing arguments.

---

[5]The Court also reviewed SFR's response (ECF No. 109), and Plaintiff's reply (ECF No. 110).

[6]Regardless, the Court is aware of *Thomas Jessup*.

5

### a. Statute of Limitations

SFR's argues the applicable statute of limitations is three years, and therefore Plaintiff's quiet title claim is time-barred. (ECF No. 89 at 9-13.) However, this Court has often held, and holds here, that Plaintiff's quiet title claim is subject to a five year statute of limitations running from the date of the foreclosure sale, and is thus not time barred. *See, e.g.*, *Bank of New York Mellon v. Kosh*, Case No. 2:17-cv-00957-MMD-PAL, 2019 WL 2305146, at *3 (D. Nev. May 30, 2019). The Court further notes it rejected this precise argument in its earlier order on the HOA's motion to dismiss. (ECF No. 58 at 4.)

### b. Standing

SFR also argues Plaintiff lacks standing to challenge the HOA sale and thus enforce the DOT. (ECF No. 98 at 8-12; *see also* ECF No. 89.) SFR specifically argues that Plaintiff had to produce better evidence of its ownership of the Note and DOT, such as "the original, wet-ink endorsed Note, and the chain of ownership of the Note and the DOT." (ECF No. 98 at 11.) The Court disagrees. SFR has made this argument to the Court before, and the Court has rejected it before. *See, e.g.*, *USROF IV Legal Title 2015-1 by U.S. Bank Nat'l Ass'n v. White Lake Ranch Ass'n*, Case No. 3:15-cv-00477-MMD-CBC, 2019 WL 539037, at *3 (D. Nev. Feb. 11, 2019). Here, Plaintiff alleged it re-purchased the Loan before it filed suit, and later recorded an assignment reflecting its beneficial interest under the DOT before filing its Motion. (ECF Nos. 1 at 4, 86-2 at 2.) Plaintiff was not obligated to do anything more, and SFR has offered no evidence tending to show Plaintiff does not own the Loan. Thus, the Court is satisfied Plaintiff has standing to bring this case.

### c. Tender

In several recent decisions, the Nevada Supreme Court effectively put to rest the issue of tender. For example, in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev.), *as amended on denial of reh'g* (Nov. 13, 2018), the Nevada Supreme Court held "[a] valid tender of payment operates to discharge a lien or cure a default." *Id.* at 117,

121. And it reaffirmed that "that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid assessments." *Id.* at 117. More recently, the Nevada Supreme Court held that an offer to pay the superpriority amount coupled with a rejection of that offer discharges the superpriority portion of the HOA's lien, even if no money changed hands. *See Thomas Jessup*, 435 P.3d at 1218. Even more recently, the Ninth Circuit weighed in to confirm the Nevada Supreme Court settled this issue—"the holder of the first deed of trust can establish the superiority of its interest by showing that its tender satisfied the superpriority portion of the HOA's lien," which "consists of nine months of unpaid HOA dues and any unpaid charges for maintenance and nuisance abatement." *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019).

This case's factual similarity to the facts of *Thomas Jessup* drives the result here. Plaintiff proffered unrebutted evidence that Miles Bauer offered to pay the amount of the HOA's superpriority lien, if ACS would tell Miles Bauer what that amount was. (ECF No. 86-5 at 5-6.) Ms. Mitchell responded on behalf of ACS that it would reject any such tender if attempted. (*Id.* at 8.) This exchange operated to cure the default as to the HOA's superpriority lien. *See Thomas Jessup*, 435 P.3d at 1220. Indeed, *Thomas Jessup* also turned on an exchange between Mr. Rock K. Jung of Miles Bauer and Ms. Mitchell. *See id.* at 1218. Moreover, the exchange between Mr. Jung and Ms. Mitchell appears to be substantially identical to their exchange in this case. (*Compare id. with* ECF No. 86-5 at 5-6, 8.) Thus, like the Nevada Supreme Court held in *Thomas Jessup*, the Court finds "that Miles Bauer's offer to pay the superpriority portion of [the HOA's] lien, combined with ACS's rejection of that offer, operated to cure the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust." *Thomas Jessup*, 435 P.3d at 1220.

The Court further rejects SFR's argument that Ms. Mitchell's deposition testimony, as ACS' 30(b)(6) witness, makes this case distinguishable from *Thomas Jessup*. (ECF

7

No. 109 at 3, 4-5.) SFR selectively quotes her testimony to make it appear that ACS would have accepted Plaintiff's tender if it was sent, but other portions of her testimony indicate that ACS would not have. (*Compare* ECF No. 109 at 3 (citing ECF No. 109-2 at 9) *with* ECF No. 109-2 at 12 (stating ACS would not have accepted the check if it had 'paid in full' written on it), 13-14 (stating ACS would reject any check attached to a letter that contained conditions or restrictions).) The *Thomas Jessup* court considered similar testimony from Ms. Mitchell, albeit at trial, in concluding ACS would have rejected Bank of America, N.A.'s tender in that case. *See Thomas Jessup*, 435 P.3d at 1220 ("Ms. Mitchell's trial testimony confirmed that ACS would indeed have rejected a superpriority tender if Miles Bauer included a "paid in full" condition with the tender."). Thus, Ms. Mitchell's deposition testimony does not change the result here.

The Court will also briefly address, and reject, SFR's challenge to the Kendis Affidavit. (ECF No. 98 at 19-21.) SFR argues that the Kendis Affidavit, and all evidence attached to it, must be excluded under Fed. R. Civ. P. 37(c)(1) because Plaintiff did not specifically disclose Mr. Kendis as a witness, though SFR concedes Plaintiff disclosed a "corporate designee for Miles Bauer." (*Id.* at 19.) Plaintiff also points out it disclosed the Kendis Affidavit. (ECF Nos. 105 at 9-10, 105-2 at 20.) The Court will not exclude the Kendis Affidavit under these circumstances. *See Bank of Am., N.A. v. Lake Mead Court Homeowners' Ass'n*, Case No. 2:16-cv-00504-GMN-NJK, 2019 WL 208864, at \*6-\*7 (D. Nev. Jan. 15, 2019) (declining to exclude an affidavit from Adam Kendis under very similar circumstances); *see also Bank of Am., N.A. v. Travata & Montage at Summerlin Ctr. Homeowners' Ass'n*, Case No. 2:16-cv-00699-GMN-PAL, 2019 WL 1173342, at \*6-\*7 (D. Nev. Mar. 11, 2019) (same).[7]

The Court therefore finds that Plaintiff has demonstrated entitlement to summary judgment on its first claim for relief. In its Complaint, Plaintiff primarily requests a

---

[7]The Court similarly rejects SFR's challenge to the admissibility of the Kendis Affidavit (ECF No. 98 at 20-21). *See Lake Mead Court*, 2019 WL 208864 at \*5-\*6; *see also Travata & Montage*, 2019 WL 1173342 at \*5-\*6.

8

declaration that its DOT survived the HOA Sale. (ECF No. 1 at 16.) Given that Plaintiff has received the relief it requested, the Court dismisses Plaintiff's remaining claims as moot.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion for partial summary judgment (ECF No. 86) is granted as to Plaintiff's first claim for relief. The Court declares that Plaintiff's DOT survived the HOA Sale and continues to encumber the Property. Plaintiff's remaining claims are dismissed as moot.

It is further ordered that SFR's motion for summary judgment (ECF No. 89) is denied.

It is further ordered that the HOA's motion for summary judgment (ECF No. 90) is denied as moot.

It is further ordered that Plaintiff's motion for leave to file supplemental authority (ECF No. 108) is granted.

It is further ordered that SFR must file a written status report with the Court within 14 days regarding the impact of this order on its crossclaims against Bayview Loan Servicing LLC, Timothy Goering, and Adrian Goering (ECF No. 37 at 9-17), and whether SFR intends to pursue those claims. If SFR fails to timely file such a status report, the Court will dismiss SFR's crossclaims without prejudice.

DATED THIS 7th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

9