UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:17-cv-00663-MMD-NJK |
| Plaintiff, | |
| v. | ORDER |
| DESERT CANYON HOMEOWNERS ASSOCIATION; *et al.*, | |
| Defendants. | |
| AND ALL RELATED CASES | |

**I.   SUMMARY**

This case arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court are: (1) Defendant SFR Investments Pool 1, LLC's ("SFR") status report ("Status Report") (ECF No. 113) responding to this Court's prior order (ECF No. 111 at 9); and (2) SFR's motion for default judgment ("Default Judgment Motion") (ECF No. 112). Because the Court agrees with SFR—as stated in the Status Report—that its crossclaims against Bayview Loan Servicing, LLC ("Bayview") are moot, it will dismiss those claims. As further explained below, the Court will also deny the Default Judgment Motion as moot, in addition to dismissing both SFR's crossclaims against Adrian Goering and Timothy Goering ("Borrowers"), and counterclaim against Counter Defendant Bank of America, N.A. ("BANA"), as moot in light of the Court's prior order declaring that the applicable deed of trust survived the pertinent homeowners' association foreclosure sale (ECF No. 111 at 9).

///

///

## II. STATUS REPORT

As a preliminary matter, the Court agrees with SFR's assessment in its Status Report that its crossclaims against Bayview are moot. (ECF No. 113 at 2.) The Court will therefore dismiss SFR's crossclaims against Bayview as moot.

## III. DEFAULT JUDGMENT MOTION

SFR asserts the same counterclaim against BANA and crossclaims against Borrowers[1]—seeking a declaration in its first claim for relief that the HOA Sale extinguished the DOT.[2] (ECF No. 37 at 16-17.) The Court previously found that BANA's DOT survived the foreclosure sale and continues to encumber the property.[3] (ECF No. 111 at 9.)

In the Default Judgment Motion, SFR seeks a "declaration and determination that [Borrowers and], any successors and assigns, have no right, title or interest in the Property[,]" and "that SFR is the rightful title owner." (ECF Nos. 112 at 3, 112-10 at 3.) But the Court cannot grant SFR the relief it seeks in its Default Judgment Motion in light of its prior ruling. (ECF No. 111.) BANA indisputably has an interest in the property by virtue of the Court's prior ruling—its DOT continues to encumber the property. (*Id.* at 9.) The Court will thus exercise its discretion to deny the Default Judgment Motion. In addition, and because, as explained above, SFR cannot obtain the relief it seeks against

---

[1]Borrowers at one point had an interest in the property at the heart of this case—they bought the house by obtaining a loan secured by a corresponding deed of trust ("DOT") now owned by BANA. (ECF Nos. 112 at 2, 111 at 2.)

[2]SFR's second claim is not a stand-alone claim but is instead essentially a requested remedy—for preliminary and permanent injunction. (ECF No. 37 at 17.)

[3]Indeed, in its motion for summary judgment—which the Court denied—SFR sought summary judgment against both BANA and Borrowers, although SFR also asserted that it was moving on BANA's claims. (ECF No. 89 at 2, 25.) Regardless, the Court denied SFR's motion and granted BANA's motion, finding against SFR on its requested relief in its counterclaim and crossclaims when the Court declared the HOA Sale extinguished the DOT. (ECF No. 111 at 9.)

Borrowers in light of the Court's prior order, the Court will dismiss SFR's crossclaims against Borrowers as moot.

For the same reason, the Court will also dismiss SFR's counterclaims against BANA as moot to the extent the prior order is unclear as to resolution of SFR's counterclaims. That resolves the remaining issues in this case.

## IV. CONCLUSION

The Court notes that SFR made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that SFR's crossclaims against Bayview Loan Servicing, LLC are dismissed as moot.

It is further ordered that SFR's motion for default judgment (ECF No. 112) is denied as moot.

It is further ordered that SFR's counterclaim against Bank of America, N.A. is dismissed as moot.

It is further ordered that SFR's crossclaims against Adrian Goering and Timothy Goering are dismissed as moot.

The Clerk of Court is directed to enter judgment in accordance with this and the Court's prior order (ECF No. 111), and close this case.

DATED THIS 27th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE